No. 23-30826

# In the United States Court of Appeals for the Fifth Circuit

JILL HINES, on behalf of herself & others similarly situated;
JIM HOFT, on behalf of himself & others similarly situated,
*Plaintiffs-Appellees*,

*v.*

ALEX STAMOS; RENÉE DIRESTA; BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; LELAND STANFORD JUNIOR UNIVERSITY; KATE STARBIRD, in her official and individual capacities; GRAPHIKA; CAMILLE FRANÇOIS; ATLANTIC COUNCIL; and GRAHAM BROOKIE,
*Defendants-Appellants,*

On Appeal from the United States District Court
for the Western District of Louisiana
No. 23-cv-571 (Hon. Terry A. Doughty)

**DEFENDANT-APPELLANTS' OPPOSITION TO MOTION TO EXPEDITE APPEAL AND CROSS-MOTION FOR 21-DAY EXTENSION OF TIME TO FILE APPELLANTS' BRIEF**

John B. Bellinger III
Elisabeth S. Theodore
R. Stanton Jones
Stephen K. Wirth
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
john.bellinger@arnoldporter.com

*Counsel for Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, and the Leland Stanford Junior University*

*(Additional counsel listed in signature block)*

Pursuant to Federal Rule of Appellate Procedure 26 and Fifth Circuit Rule 31.4, appellants respectfully request that this Court deny appellees' motion to expedite the appeal, and grant appellants' cross-motion for a 21-day extension of time in which to file their opening brief.

1. There is no urgency to this appeal, and certainly no urgency that would support appellees' extraordinary request to require appellants to file their opening brief in 21 days, over a period that includes both the Christmas and New Year's holidays, when many counsel for the appellants are traveling to be with their families.

2. To the contrary, appellants respectfully ask this Court to grant a Level 1 extension of 21 days in light of the holidays and in light of appellants' intention to simplify the appeal by filing a single brief on behalf of four separately represented groups of parties, which requires time-consuming coordination.

A. **Appellees' Motion to Expedite Briefing Should be Denied**

3. Appellees' own actions discredit their request for expedited briefing.

4. Appellees Jill Hines and Jim Hoft brought this action in the Western District of Louisiana in May 2023 against defendants Stanford University

1

and its employees Alex Stamos and Renée DiResta; Atlantic Council and its senior director Graham Brookie; Graphika and its chief innovation officer Camille Francois[1]; and Kate Starbird, in her personal capacity and her official capacity at the University of Washington. Both appellees are also plaintiffs in *Missouri v. Biden*, No. 22-cv-01213, a lawsuit appellees brought in the Western District of Louisiana in May 2022 alleging that various government officials coerced social media companies into censoring their social media posts.

5. In *Missouri v. Biden*, appellees sought a preliminary injunction in June 2022, a month after they filed their complaint. In this case, however, appellees did not seek a preliminary injunction or otherwise seek to expedite matters in the district court. To the contrary, after appellants moved to compel arbitration and to dismiss, appellees sought two successive 21-day extensions to file their responses, which they received with appellants' consent. ROA.1563, 1571. Both extension motions cited "the length and complexity of [appellants'] motions" and "the significant press of additional business." *Id.*

6. On October 17, 2023—64 days after appellants filed their motions to dismiss and to compel arbitration—appellees filed responses and also filed an amended complaint. Far from seeking expedition, appellees stated that

---

[1] Ms. Francois is no longer an employee of Graphika.

they believed the amended complaint rendered the motions moot and that the district court should restart the briefing schedule. ROA.3708.

7. Indeed, during the seven months in which this lawsuit was pending in the district court, appellees never sought a preliminary injunction or expedition of any kind. Nor can they contend that they failed to seek expedition in the district court as a consequence of the preliminary injunction in *Missouri v. Biden*, which had included a provision barring the government from "collaborating, coordinating, partnering, switchboarding, and/or jointly working with the Election Integrity Partnership, the Virality Project, the Stanford Internet Observatory." The second of appellees' extension motions was filed on September 25, 2023—well after this Court's September 8, 2023 decision vacating that aspect of the district court's injunction in *Missouri v. Biden*.

8. Having never asked the district court for expedited relief of any kind, and having repeatedly sought their own extensions to respond to the arbitration motion at issue in this appeal, appellees cannot now come into this Court and claim that they face irreparable injury unless this Court expedites the briefing schedule. That is especially so when they waited nearly a month after the appeal was docketed (on November 20) to even file their motion to expedite.

9. Nor is expedition warranted merely because appellees believe that the decision below was correct. Notably, despite their claims to this Court that the arbitration motion was "flimsy" or "weak[]," Mot. 19, 21, appellees regarded it as weighty and significant in the district court; they sought and received (with appellants' consent) leave to file a response that was over *double* the ordinary page limit, ultimately filing a 51-page opposition to appellants' 25-page arbitration motion. ROA.2057-58, 2119. Contrary to appellees' claims, appellants noticed their arbitration appeal the day after the district court's decision denying arbitration, ROA.27; the decision to appeal had nothing to do with appellees' email announcing, seven months into the case and in response to appellants' motion for a stay in light of the Supreme Court's grant of certiorari in *Missouri v. Biden*, that appellees were going to seek a preliminary injunction.

10. Expedition is further unwarranted because it is implausible that the Court would grant a preliminary injunction barring appellants from identifying misinformation online during the 2024 elections. Appellants do not intend to respond here to the motion's many false statements about appellants' activities and about the findings of prior courts. But all of the conduct at issue in this case is fully protected by the First Amendment; appellees are not

4

entitled to an injunction preventing private research institutions from speaking about misinformation. Indeed, this Court already vacated the aspect of the *Missouri v. Biden* preliminary injunction that prohibited the government from engaging in certain ways with appellants, explaining that "the Election Integrity Partnership, the Virality Project, [and] the Stanford Internet Observatory" are "private" parties that "may be entitled to their own First Amendment protections." *Missouri v. Biden*, 83 F.4th 350, 396 (5th Cir. 2023), *cert. granted sub nom. Murthy v. Missouri*, No. 23-411, 2023 WL 6935337 (U.S. Oct. 20, 2023). And the United States Supreme Court stayed the entirety of the *Missouri v. Biden* injunction pending appeal. It is not plausible that appellees will obtain preliminary relief preventing private parties from exercising their First Amendment rights when the Supreme Court has already held that appellees are not likely to obtain relief against the government.

11.   Expediting the briefing schedule would also cause serious prejudice. Appellees ask the Court to order appellants to file their brief in 21 days—which is a third of the time that appellees believed necessary for their *own* arbitration brief in the district court. That period of time, ending January 5, includes both the Christmas and New Years' holidays. Many appellants'

5

counsel are traveling during this period. Stanford University closes between December 21 and January 3.

12. Complicating matters further, appellants include four separately represented parties or groups of parties—Stanford and its employees, Atlantic Council and its employee, Graphika and its former employee, and Kate Starbird (including in her official capacity at the University of Washington). Appellants intend to file a single joint brief to make matters simpler for the Court and for appellees, but coordinating such a brief among so many different parties takes time. Nor is the seven days appellees propose for filing a reply brief a reasonable amount of time to prepare a reply that needs to be coordinated among so many parties.

13. Finally, if this Court affirms the denial of arbitration, appellees will still have time to move for a preliminary injunction in the district court even if the appeal is not expedited. Under the schedule appellants propose, which includes a 21-day extension, briefing would conclude by early April. And, although the Court should not expedite the briefing schedule, appellants have no objection if the Court expedites argument and sets it for the first available date after briefing concludes. If the merits panel concludes that the

arbitration motion should be denied, appellants will be able to move for a preliminary injunction well in advance of the November 2024 elections.

### B. The Court Should Grant Appellants a 21-Day Extension of Time in Which to File the Opening Brief

14. Appellants respectfully request a 21-day extension of time, until February 13, to file their opening brief. This is the first extension requested by appellants. Appellees oppose the request.

15. There is good cause for the extension. Appellants' existing briefing period falls over two major holidays, Christmas and New Years', and many of the undersigned attorneys have associated travel and vacation plans—as do their clients. In addition, appellants comprise four separately represented groups and intend to file a joint brief, which requires extensive coordination that takes time.[2]

---

[2] The district court has recently denied an arbitration motion filed in this case by the Aspen Institute, which was added as a defendant in appellees' First Amended Complaint. Aspen has appealed and that appeal is likely to be consolidated with this appeal, but the record has not yet been certified, and a briefing schedule has not yet been set. That is a further reason to deny the motion to expedite and to grant appellants' motion for an extension.

## CONCLUSION

For the foregoing reasons, appellants respectfully request that the Court deny appellees' motion for expedited briefing and grant appellants' motion for a 21-day extension within which to file their opening brief.

Dated: December 26, 2023

/s/ *Quentin F. Urquhart, Jr.*
Quentin F. Urquhart, Jr.
Camala E. Capodice
Gabrielle C. Broders
IRWIN FRITCHIE URQUHART MOORE
  & DANIELS, LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
(504) 310-2100
qurquhart@irwinllc.com

Mary E. Gately
Samantha L. Chaifetz
DLA PIPER LLP (US)
500 Eighth Street NW
Washington, DC 20004
(202) 799-4507
mary.gately@dlapiper.com

Marie Bussey-Garza
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
(215) 656-3300
marie.bussey-garza@us.dlapiper.com

*Counsel for Graphika and Camille François*

Respectfully submitted,

/s/ *John B. Bellinger III*
John B. Bellinger III
Elisabeth S. Theodore
R. Stanton Jones
Stephen K. Wirth
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
john.bellinger@arnoldporter.com

*Counsel for Alex Stamos, Renée DiResta, the Board of Trustees of the Leland Stanford Junior University, and the Leland Stanford Junior University*

8

| | |
|---|---|
| /s/ Jon K. Guice<br>Jon K. Guice<br>HAMMONDS, SILLS, ADKINS, GUICE,<br>　NOAH & PERKINS, L.L.P.<br>1881 Hudson Circle<br>Monroe, Louisiana 71201<br>(318) 324-0101<br>jguice@hamsil.com<br><br>Shelton Dennis Blunt<br>PHELPS DUNBAR LLP<br>II City Plaza<br>400 Convention St., Suite 1100<br>Baton Rouge, Louisiana 70802<br>(225) 346-0285<br>dennis.blunt@phelps.com<br><br>Karl V. Hopkins<br>BRADLEY ARANT BOULT<br>　CUMMINGS LLP<br>JPMorgan Chase Tower<br>600 Travis Street, Suite 5600<br>Houston, Texas 77002<br>(713) 576-0310<br>khopkins@bradley.com<br><br>Andrew B. Johnson<br>BRADLEY ARANT BOULT<br>　CUMMINGS LLP<br>1819 Fifth Ave N<br>Birmingham, Alabama 35203<br>(205) 521-8000<br>ajohnson@bradley.com<br><br>*Counsel for the Atlantic Council and Graham Brookie* | /s/ Alex B. Rothenberg<br>Alex B. Rothenberg<br>Katherine Clark<br>Makala L. Graves<br>GORDON, ARATA, MONTGOMERY,<br>　BARNETT, MCCOLLAM, DUPLANTIS<br>　& EAGAN, LLC<br>201 St. Charles Avenue, 40th Floor<br>New Orleans, Louisiana 70170-4000<br>(504) 582-1111<br>arothenberg@gamb.com<br><br>Rob McKenna<br>Daniel Dunne<br>ORRICK, HERRINGTON &<br>　SUTCLIFFE LLP<br>401 Union Street- Suite 3300<br>Seattle, Washington 98101<br>(206) 839-4300<br>ddunne@orrick.com<br><br>Geoffrey Shaw<br>ORRICK, HERRINGTON &<br>　SUTCLIFFE LLP<br>355 S. Grand Ave., Ste. 2700<br>Los Angeles, California 90071<br>(213) 629-2020<br>geoffreyshaw@orrick.com<br><br>*Counsel for Kate Starbird* |

9

## CERTIFICATE OF SERVICE

I hereby certify that, on December 26, 2023, I electronically filed the foregoing opposition and cross-motion with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in this case are CM/ECF users and that service will be accomplished by using the appellate CM/ECF system.

Dated: December 26, 2023                /s/ *Stephen K. Wirth*
                                        Stephen K. Wirth

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing opposition and cross-motion contains 1,469 words, excluding the parts exempted by Rule 32(f) of the Federal Rules of Appellate Procedure. This brief complies with the typeface and type-style requirements of Rule 32(a) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface (14-point Century font) using Microsoft Word.

Dated: December 26, 2023           */s/ Stephen K. Wirth*
                                    Stephen K. Wirth